# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RUDOLPH REED,<br><br>        Petitioner,<br><br>    v.<br><br>K. PROSER, Warden,<br><br>        Respondents.<br>_____/ | CV F 03-6133 DLB HC<br><br>ORDER DENYING PETITIONER'S REQUEST TO AMEND PETITION TO ADD NEW CLAIMS<br><br>[Doc. 21] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  (Court Docs. 3, 14, 16.)

Petitioner filed the instant petition on August 21, 2003, raising the single claim that the prosecutor's improper remarks during open statement violated his constitutional right to a fair trial and denial of due process.

On December 4, 2003, Petitioner filed a request to stay the petition pending exhaustion in state court.  On February 13, 2004, the Court denied Petitioner's request as he had not made a sufficient showing to demonstrate the grant of a stay.  On this same date, the Court directed Respondent to file a response to the petition.  Respondent filed its answer on May 19, 2004.  Petitioner did not file a traverse.[1]

---

[1] The Court notes that its order of February 13, 2004, directing Respondent to file a response to the petition specifically indicated that a traverse was due within thirty days from the date of filing of Respondent's answer. (Court Doc. 12.)

1

On May 19, 2005, Petitioner filed a request to amend the petition to add newly exhausted claims.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As noted above, Petitioner raised the sole Griffin error claim. The Court previously denied Petitioner's request to stay the petition as there was insufficient information before the Court to grant such a request. Now, one and one half years later, and after the case has been ready to review on the merits for approximately one year, Petitioner has filed a request to amend the petition to add newly exhausted claims. Petitioner does not indicate what the new claims are, and this is the first notice this Court has received of such newly exhausted claims. Petitioner never alerted the Court to the fact that he was currently exhausting the new and different claims. Petitioner submits only a copy of the lower state courts' denials.[2]

Therefore, the Court finds Petitioner's attempted use of Rule 15(a) abusive and duplicitous. "[A]buses of Rule 15 can be controlled by the district court under subsection (a), which requires leave of court to file an amendment after a responsive pleading has been filed. Felix v. Mayle, 379 F.3d 612, 616 (9th Cir.2004), *cert. granted*, Mayle v. Felix, 125 S.Ct. 824.

---

[2] Specifically, the Tulare County Superior Court stated the following:
   Petitioner failed to raise his claims in a timely fashion. He does not show that his delay was justified by the recent discovery of new legal or factual bases in support of his claim, or that his claim falls within an exception to the timeliness bar. (In Re Robbins (1998) 18 Cal.4th 770, 780-791; In Re Clark (1993) 5 Cal.4th 797-798.)
   Petitioner was notified by his appellate attorney, Janice Wellborn, that his appeal had been denied by the California Supreme Court on September 2, 2002. He was advised by that same attorney that, in her opinion, the only appealable issue was Griffin error and that was the only issue she was going to pursue on October 1, 2001. The petitioner failed to take any action until the filing of the instant Writ on June 14, 2004. There is no justification or excuse for the dilatory delay in taking action on these issues. Petitioner has set forth a number of claims as to what the outcome of his trial might have been had his attorney done certain things during trial. He has also claimed that the outcome would have been different had his Marsden motions been granted. Petitioner's claims are speculative to say the least. The petitioner's Marsden motions were heard by more than one judge and denied in each instance.
   Petitioner has failed to set forth a basis upon which this court can or should grant the relief requested. Any such relief would be based on pure speculation and conjecture on the part of this court. Petitioner's Petition for Writ of Habeas Corpus is denied.
(Court Doc. 21.)

1   The Court finds no good cause to grant leave to amend the petition in this case.  Additionally,
2   any amendment would be futile as the newly exhausted claims are procedurally defaulted.[3]
3   Accordingly, Petitioner's request to amend the petition is DENIED.
4        IT IS SO ORDERED.
5   **Dated:    May 23, 2005**                    **/s/ Dennis L. Beck**
    3b142a                                        UNITED STATES MAGISTRATE JUDGE

---

[3] The California Supreme Court denied the petition with a citation to In Re Dixon which bars federal review where the claimed errors could have been, but were not raised in a habeas petition on direct appeal from conviction, unless the claims fall within an exception to the rule. Dixon, 264 P.2d at 515; Court Doc. 21.