UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RUDOLPH REED,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. PROSER, Warden,<br><br>　　　　　Respondents.<br>_____/ | CV F   03-6133 DLB HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 14, 16.)

PROCEDURAL BACKGROUND[1]

On December 4, 2000, Petitioner pled guilty in the Tulare County Superior Court to making a false communication to a police officer in violation of California Penal Code section 148.9(a). (Reporter's Transcript of 12/4/2000, at 14015.) The following day on December 5, 2000, a jury convicted Petitioner of unlawful taking or driving of a motor vehicle in violation of California Vehicle Code section 10851 and Petitioner admitted he previously suffered a felony conviction and two prior prison terms. (Id. at 142-144, 148-155; Cal. Pen. Code §§ 667(b)-(I), 667.5(b).)

///

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

1

On January 30, 2001, Petitioner was sentenced to state prison for a term of eight years. (CT at 264.)

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. The Court of Appeal affirmed the judgment on June 11, 2002.

Petitioner filed a petition for review with the California Supreme Court. The petition was denied on August 14, 2002.

On August 21, 2003, Petitioner filed the instant petition for writ of habeas corpus. Respondent filed an answer on May 19, 2004. Petitioner did not file a traverse.[2]

## STATEMENT OF FACTS[3]

> Parvin Nassirpour owns a cab company in Fresno. On September 9, 1999, her partner called to report a chain to the gate of the yard was broken and a 1984 silver-gray Chevrolet Blazer was missing. A piece of the steering column to the Blazer was on the ground. No one but Nassirpour, her husband, and her daughter had permission to drive the Blazer. Nassirpour did not know [Petitioner] and did not give him permission to drive the Blazer.
>
> On September 20, 1999, California Highway Patrol Officer Frederico Martinez spotted a Chevrolet Blazer northbound on Highway 99 just south of Earlimart. Martinez noticed the rear license plate was flapping, a violation of the Vehicle Code.[4] Martinez thought the vehicle could have been stolen and initiated a traffic stop.[5] Martinez learned the license plate belonged to a GMC, not a Chevrolet, and told [Petitioner] that was the reason he had been stopped.
>
> Martinez asked [Petitioner] for a driver's license, vehicle registration, and proof of insurance. Martinez produced only a driver's license that had the name Edward Lewis Foster. [Petitioner] showed Martinez a citation for the vehicle, but it was a citation to a white GMC Jimmy. The VIN on the Blazer appeared to be affixed by black glue. One of the rivets attaching the plate was loose. Martinez had no difficulty removing the VIN plate.
>
> The steering column had been cracked. [Petitioner] told Martinez a friend loaned him the car and showed him how to start the car without a key. Martinez testified that telltale signs a vehicle has been stolen include cracked steering columns, VIN plaques that don't match a vehicle, loose wires under the steering column, and missing ignition.

(Opinion, at 2-3.)

---

[2] The Court notes that its order of February 13, 2004, directing Respondent to file a response to the petition specifically indicated that a traverse was due within thirty days from the date of filing of Respondent's answer. (Court Doc. 12.)

[3] The Court finds the Court of Appeal correctly summarized the facts in its June 11, 2002, opinion. Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

[4] See [California] Vehicle Code section 5201 which requires a license plate to be affixed to a vehicle.

[5] Martinez identified a photograph of the Blazer at trial as being the car he stopped.

## DISCUSSION

A.     Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court

proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.  Prosecutorial Misconduct - Griffin Error

Petitioner contends that the prosecutor's improper remarks during open statement violated his constitutional right to a fair trial and denial of due process.

Where a prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant' s silence, or to treat the defendant's silence as substantive evidence of guilt, the defendant's privilege against compulsory self-incrimination is violated. See, Griffin v. California 380 U.S. 609, 615 (1965). While it is proper for the prosecution to address defense arguments, a comment is impermissible if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify. See, Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir. 1987) (*citing* United States v. Bagley, 772 F.2d 482, 494 (9th Cir. 1985), *cert denied*, 475 U.S. 1023 (1986)).

Such commentary by the prosecutor violates due process only if "(1) the commentary is extensive; (2) an inference of guilt from silence is stressed to the jury as a basis for the conviction; and (3) where there is evidence that could have supported acquittal." Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191 (1994). Further, any improper comments warrant habeas relief only if it results in actual prejudice. See, id. at 1190 (*citing* Brecht v. Abrahamson, 507 U.S. 619, 627 (1993)).

During opening statement at trial, the prosecutor commented as follows:

> [Prosecutor]: Now, that's the prosecution's case. [¶] Now, the defendant has the opportunity to tell his version of events, and I'm not sure what he's going to tell you. Most likely, he's going to tell you –
> [Court]: Excuse me, counsel. [¶] Would you approach, please?
> [Defense Counsel]: I'm going to object, your Honor. [¶] . . .
> [Outside the presence of the jury.]
> [Court]: Let's start. I got the attorneys back in chambers. [¶] I brought the lawyers up after opening statement when the prosecutor indicated she was speculating as to what the defendant might say. And the defense clearly has indicated beforehand that he didn't think the defendant – to me and the prosecutor, that the defendant was even going to testify. So that seems to be the nature of a [violation of *Griffin v. California* (1965) 380 U.S. 609]. And I don't know what to do about it. [¶] I don't know if anybody has any ideas?
> [Defense Counsel]: Your Honor, clearly the cat's out of the bag. It is Griffin error. I would ask that the Court declare a mistrial.
> [Court]: Do you think – many times the lawyers or a judge, too, will talk in voir dire whether or not the defendant will testify and whether to hold that against him. If the defendant doesn't testify, are you going to want to give [CALJIC Nos.] 2.60, 2.61, if the defendant doesn't testify don't use it against him? [¶] I could cure this with an admonition now to say the defendant – that was improper from the prosecutor that the defendant is under no obligation, whatsoever, to testify. It was improper for her to bring that up. It's improper to speculate. Disregard that. And then read 2.60 and 2.61, and say that later a decision is going to be made by the defendant after consultation with his attorney.
> [Defense Counsel]: Fine

(RT 12/4/00, at 5-6, Court Doc. 20.)

Whereupon, the Court instructed the jury as follows:

> [Court]: Okay. Ladies and gentlemen, the reason I stopped that argument, when the prosecutor was talking about what the defendant may testify to, that's improper - - that's improper statements.
> A couple of reasons, number one, it is speculation. It is inappropriate to speculate in your opening statement as to what somebody may say later. The opening statement has to do with what the evidence is that comes in the trial.
> More importantly, the defendant is under no constitutional right - - he has a constitutional right not to testify at all. The prosecutor has nothing to do with that. The defense, after listening to his attorney, can make a decision, based upon the evidence and based upon the tactics of the attorney. It's extremely important that you recognize that.

> So that was error for the prosecutor to talk about what the defendant may say.
> Now, let me read two instructions, and I'm going to ask you a couple of questions.
> A defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference from the fact that a defendant does not testify.
> Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.
> In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt, every essential element of the charge against him. No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against him on any such essential element.
> Basically, what I just said is the defendant cannot be compelled to testify against himself. And I don't know whether he will or not. But if he decides not to, then the jury will be - - it will be instructed by me not to let that enter into your deliberations in any way.
> Okay. Now, maybe I should have gone over this jury instruction.
> Anybody have any problem on that concept? Some people will say I want to hear them. We're human. We are here as fact gatherers. You want to have as much information as you can. This is an exception, written in the constitution - - United States Constitution Fifth Amendment.
> I want to make sure if any of you feel that the defendant should be compelled to testify or you'll hold it against him, please let me know now. Now's the time to let us know, not later.
> Will all of you, then - - as I see, you all nodded your heads.
> All of you will follow that instruction which should the defendant choose not to testify, you will follow my instruction? All clear on that?
> Thank you.

(RT 12/4/00, at 7-9, Court Doc. 20.)

In rejecting Petitioner's claim on direct appeal, the Court of Appeal held the following:

> The prosecutor stated she did not know what the [Petitioner's] version of events would be and began to speculate what they might be. Defense counsel immediately and successfully lodged an objection. The prosecutor never finished her statement. The prosecutor did not comment on the [Petitioner's] failure to testify or make a comment on the absence of evidence which could only be provided by the [Petitioner's] testimony. She made no reference to [Petitioner's] failure to testify. [Petitioner] has failed to demonstrate a violation of the *Griffin* rule in the instant action.[6]

(Opinion, at 4-5.)

Viewing the prosecutor's single, isolated statement in context, and considering the trial

---

[6] Indeed, even if we were to find Griffin error here, any error would be harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18. The case against [Petitioner] was very strong and [Petitioner] provided no evidence to contradict any aspect of the prosecution's case. Thus, even if *Griffin* error occurred, the error was harmless beyond a reasonable doubt. (Citations omitted.)

6

court's curative instructions to the jury, there was no Griffin error. The prosecutor's comment merely indicated that she did not know what Petitioner's version of events would be. There was no direct comment on Petitioner's failure to testify, as at that point it was unclear whether or not Petitioner would be testifying.[7] The trial court immediately rectified the potential error created by the prosecutor's comment and carefully instructed the jury that Petitioner had no constitutional obligation to testify and no inferences were to be drawn from his failure to do so. The jury indicated that it understood and would follow the instruction. To this end, Petitioner has made no showing that jury did not in fact follow the court's instructions. See United States v. Soulard, 730 F.2d 1292, 1307 (9th Cir. 1984); United States v. Kennedy, 714 F.2d 968, 976 (9th Cir. 1983)(courts will not reverse when the prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as a basis of conviction, and is followed by curative instructions.) At the close of the presentation of the case and prior to deliberations, the trial court repeated its instruction to the jury.[8]

In sum, the prosecutor's comment was not extensive, there was no inference stressed to the jury that Petitioner was guilty if he did not take the witness stand, and there is no evidence that could have supported an acquittal. To the contrary, the prosecution's case was strong. Parvin Nassirpore's testified that her 1984 Chevy Blazer was stolen from her business yard on September 9, 1999. (RT 45-48.) California Highway Patrol Officer, Frederico Martinez,

---

[7] Although it was noted by the trial court that defense counsel had previously indicated that Petitioner would not likely be taking the stand. (RT 39-40.)

[8] Specifically, the court instructed:
    A defendant in a criminal action has a constitutional right not to be compelled to testify. You must not draw any inference from the fact that a defendant does not testify. Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.
    In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt, every essential element of the charge against him.
    No lack of testimony on defendant's part will make up for a failure of proof by the People, so as to support a finding against him on any essential element.
    A defendant in a criminal action is presumed to be innocent until the contrary is proved. In a case of a reasonable doubt, whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt.

(RT 123-124.)

testified that on September 20, 1999, at 9:30 a.m., he observed a Chevy Blazer that did not have the license plate securely attached to the vehicle. (RT 56-57.) He decided to run the license plate of the vehicle and discovered that it was registered as a GMC vehicle, not a Chevy Blazer. (RT 57-58.) Petitioner provided Officer Martinez with false identification and was unable to provide vehicle registration and proof of car insurance.[9] (RT 59.) Officer Martinez observed that the steering column was cracked and there was no key in the ignition. (RT 65.) The VIN plate had black glue underneath it and in Officer Martinez's experience the VIN plate is typically affixed to the vehicle with rivets. (RT 66-67.) Based on the true VIN of the vehicle, it was subsequently discovered that the vehicle was stolen from Fresno, California. (RT 70.) Petitioner's defense was that he did not steal the vehicle and the prosecution had not proven its case.

Even if the prosecutor's comment constituted Griffin error, based on the single reference and the strong case against Petitioner, it simply cannot be said that the error had a substantial and injurious influence on the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 627 (1993). Accordingly, the petition for writ of habeas corpus must be DENIED.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   May 23, 2005**              /s/ Dennis L. Beck
3b142a                                  UNITED STATES MAGISTRATE JUDGE

---

[9] Petitioner provided a California Driver's License with the name of Edward Lewis Foster.

8